NICHOLAS O'BRIEN *vs.* EDWARD C. LUQUES.

York. Opinion December 10, 1888.

*Contract. Margins. Executed gambling contracts.*

A person who puts up money with a broker for the purpose of gambling in margins on grain, cannot recover the money back because the broker represented he was dealing through a particular commission house in Chicago, when he was not, the broker having made regular settlements with the plaintiff according to the ups and downs of the market.

ON REPORT. The Law Court were to render such judgment as the law and the evidence warrant upon the testimony which was reported in full.

The case which discloses purchases and sales of grain upon margins, is stated in the opinion.

*Benjamin F. Hamilton and Geo. F. Haley,* for plaintiff.

The defendant being plaintiff's agent could not delegate his authority. *Stoughton* v. *Baker,* 4 Mass. 521.

The trust was exclusively personal. *Appleton Bank* v. *McGilvray,* 4 Gray, 518; *Brewster* v. *Hobart,* 15 Pick. 302; *Emerson* v. *Providence Hat Manuf'y Co.,* 12 Mass. 237; Story's Agency, § 13.

The same principle applies to brokers. *Lyon* v. *Jerome,* 26 Wend. 485; *Warner* v. *Martin,* 11 How. 209; Story's Agency, §§ 13, 29, 109.

It is proved that the contracts were to be made with Pitcher & Co. He did not invest the money according to our instructions which he was bound by law to follow. Story's Agency, § 192; *Greenleaf* v. *Moody,* 13 Allen, 363; *Coker* v. *Ropes,* 125 Mass. 577; *Whitney* v. *Merchants Union Express Co.,* 104 Mass. 152; *Sawyer* v. *Mayhew,* 51 Maine, 398; *Day* v. *Holmes,* 103 Mass. 306.

The defendant admits the money was paid him to buy grain of other parties for the plaintiff, and admits he bought on his own account, in his own name. The broker cannot disregard his instructions and speculate on the transactions for his own benefit. *Day* v. *Holmes, supra; Pickering* v. *Demeritt,* 100 Mass. 416; *Irwin* v. *Williar,* 110 U. S. Sup. Court, 499.

A broker is always bound to buy and sell in the name of his principals. Story's Agency, §§ 9, 34, 210, 211. He cannot buy or sell with himself as the other principal. Cannot act as agent and principal at the same time. It would be a constructive fraud on account of his fiduciary relation. Cook on the Law of Stock and Stockholders, § 450.

The money remained in his hands as a naked deposit, the same as in the hands of a stakeholder, to the plaintiff's use, when the defendant neglected to invest it in plaintiff's name, or with Pitcher & Co. *Sampson* v. *Shaw,* 101 Mass. 145; *Ball* v. *Gilbert,* 12 Met. 397; *McKee* v. *Manice,* 11 Cush. 357. It was an executory contract revocable at the plaintiff's option. *White* v. *Franklin Bank,* 22 Pick. 181. For further illustrations of recovery under illegal contracts, counsel cited *Mount* v. *Waite,* 7 Johns.

435; *Vischer* v. *Yates*, 11 Johns. 23. It was not a wagering contract. *Rumsey* v. *Berry*, 65 Maine, 570; *Frost* v. *Clarkson*, 7 Cowen, 24; *Irwin* v. *Williar, supra; Clark* v. *Foos*, 7 Bissell Reports, 540.

*R. P. Tapley, S. W. Luques* with him, for defendant.

The case shows clearly from the testimony of both parties that the transaction was a wager. All wagers in this state are unlawful. *McDonough* v. *Webster*, 68 Maine, 530; so recognized and stated in *Rumsey* v. *Berry*, 65 Maine, 570. See also *Irwin* v. *Williar*, 110 U. S. Sup. Court, 499. In a work on contracts for future delivery and commercial wagers, published by T. Henry Dewey of the New York Bar, the test is stated in this way: "Where the parties to a contract in the form of sale agree expressly or by implication at the time it is made, that contract is not to be enforced, that no delivery is to be made, but the contract is to be settled by the payment of the difference between the contract price and the market price at a given time in the future, such a transaction is a wager. The form of the sale is a mere cover, the real intention being to bet upon the market at some future time, the sum wagered being the difference between the two prices as that may subsequently appear:"—citing (page 28) some 60 American and English cases.

In the case at bar no controversy arises in matter of fact upon this point. The plaintiff says, "no wheat or corn was to be delivered to me; it was to be on a margin; a margin sale of differences only." The defendant says, "in these transactions between me and O'Brien there was not to be any actual delivery of grain. It was to be settled on differences."

In *Franklin County* v. *Lewiston Savings Bank*, 68 Maine, 47, Walton, J., says, "it is well settled that if it be a part of the agreement that the money shall be used for an illegal purpose, or anything is done by the lender in furtherance of such a use of the money a recovery therefor cannot be had."

The relation of principal and agent does not exist in the case between the plaintiff and defendant.

The whole purpose of the assumed agency here, was to do an

illegal act, for all wagering in this state is illegal; not simply void, but illegal. *Lewis* v. *Littlefield*, 15 Maine, 233.

PETERS, C. J. There is no ground upon which this action should be sustained. The plaintiff acquired a taste for gambling in margins on grain. He dealt with the defendant as a broker. It is immaterial whether the defendant did or not represent that the purchases were to be made of the firm of Pitcher & Co., of Chicago, although the purchases were in fact not so made. There was no intention to make actual purchases of any one. The plaintiff, a saloon-keeper in Biddeford, had no idea that he was to own $16,000 worth of wheat in Chicago. The defendant in this illegal enterprise did the business in the manner customary in such transactions. He made himself responsible to the plaintiff, and operated through another broker who in turn became responsible to him. The money staked on the margins was lost, and the plaintiff was settled with fairly, as far as appears, according to the ups and downs of the market, and according to the contracts made by him.

Having, after the lapse of several years, repented of his losses, he seeks to recover his money of the broker who received the money from him and paid it over to another. The burden of the plaintiff's lament is that the money was not paid to Pitcher & Co., and that the margins were not purchased of or through them. What difference could it make to him whether purchased of one person or another, when the result would be the same? The whole transaction was an executed gambling affair, over which the law is not disposed to make fine distinctions for the plaintiff's protection, or for the encouragement of others who may be tempted into similar speculations.

*Judgment for defendant.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.